UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMITRI N. SERIANNI,

        Plaintiff,

v.                        Case No.  8:10-cv-2249-T-33TBM

THE CITY OF VENICE, FLORIDA,

        Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff Demitri N. Serianni's Motion for New Trial (Doc. # 157), filed on September 11, 2012.  Defendant City of Venice Beach filed a memorandum in opposition to the motion (Doc. # 159) on September 26, 2012.  For the reasons that follow, the Court denies the motion.

## I.  Background

Demitri N. Serianni, a police officer with the City of Venice Police Department, initiated this action on September 1, 2010, alleging that he was unlawfully retaliated against in violation of his First and Fourteenth Amendment rights after he:  1) submitted a written statement supporting fellow Officer Michael Frassetti's effort to remain certified in law enforcement after being terminated by the City; 2) testified in support of Officer Frassetti during an arbitration hearing; and 3) reported to the City's Administrative Services

Director, Alan Bullock, that Serianni's supervisor was wrongfully engaged in personal business during working hours.

The City filed a motion to dismiss on October 22, 2010, which the Court referred to the Magistrate Judge for a Report and Recommendation. (Doc. # 25).  Judge McCoun issued his Report and Recommendation on May 25, 2011, recommending denial of the motion based on the allegations in the complaint and the early stage of the proceedings. (Doc. # 36). No objections were filed to the Report and Recommendation and the Court accepted and adopted the Report on June 27, 2011. (Doc. # 41). Subsequently, the City filed a motion for summary judgment (Doc. # 47), which the Court denied after hearing oral arguments on the motion on January 19, 2012. (Doc. # 87).

The case proceeded to a jury trial from August 6, 2012, to August 14, 2012.  After Serianni rested his case, the City made an oral motion for judgment as a matter of law, and the Court deferred ruling on the motion. (Doc. ## 142-44). Following the close of the City's case, the City renewed its motion. (Doc. ## 145-46).  The Court granted the motion in part, upon finding that Serianni had failed to establish the first element of his prima facie case regarding the Frassetti statement and testimony. (Doc. ## 145, 147).  The jury subsequently returned a verdict favorable to the City (Doc. #

150), and the Court entered its judgment in the City's favor on August 30, 2012. (Doc. # 155).  Serianni's motion for a new trial is now before the Court.

## II.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 59 governs motions for a new trial and generally provides that a new trial may be granted "on all or some of the issues -- and to any party -- . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59.  The Supreme Court has noted that a party may seek a new trial on grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940).

## III. <u>Analysis</u>

To prove a claim of retaliation under the First Amendment, a public employee must show: (1) he was speaking as a citizen on a matter of public concern; (2) his interests as a citizen outweighed the interests of the State as an employer; and (3) the speech played a substantial or

motivating role in the adverse employment action.  Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); Vila v. Padron, 484 F. 3d 1334 (11th Cir. 2007); Bryson v. City of Waycross, 888 F. 2d 1563, 1565-66 (11th Cir. 1989).  If the employee establishes these elements, the burden shifts to the defendant to prove by a preponderance of the evidence that it would have reached the same decision, even in the absence of the employee's protected speech.  Vila, 484 F. 3d at 1339.

Serianni asserts that the Court committed a prejudicial error of law when it granted in part the City's renewed motion for directed verdict upon the Court's finding that Serianni's speech in the Frassetti statement and at the Frassetti hearing was made as an employee and not as a citizen, and thus was not entitled to First Amendment protection.  Serianni argues that the Court's ruling was prejudicial because it allegedly conflicted with two prior rulings by the Court on the issue, which Serianni claims essentially "changed the legal standard eliminating any possibility that the Plaintiff . . . could prove in the minds of the jury the required prima facie elements of First Amendment retaliation . . . ." (Doc. # 157 at 8).  Serianni also takes issue with the timing of the Court's ruling, asserting that the ruling "placed Plaintiff at a severe disadvantage and gave the Defense an unfair

-4-

advantage." Id.

Despite Serianni's arguments to the contrary, the Court's ruling did not "chang[e] the legal standard and required elements to be proven." Id. at 4. Rather, the Court's ruling found only that as to the Frassetti statement and hearing, Serianni had failed to prove the first required element of his cause of action -- that he was speaking as a citizen on a matter of public concern. The Eleventh Circuit has unequivocally established that this first element, as well as the second element, is a question of law that the Court decides. Vila, 484 F.3d at 1339; Bryson, 888 F.2d at 1565. Thus, not only was it appropriate for the Court to rule on this issue after hearing the entirety of Serianni's case-in-chief, but it was *required* for the Court to do so.

Furthermore, the Court's ruling on this issue at trial was not a "change of opinion" in conflict with the Court's earlier rulings. First, in issuing his Report and Recommendation, which this Court subsequently accepted and adopted, Judge McCoun considered whether the allegations in Serianni's Verified Complaint were sufficient to withstand a motion to dismiss, a standard much lower than that employed by the Court at trial. Serianni would have the Court believe that Judge McCoun definitively concluded that Serianni's

-5-

Frassetti testimony was given as a citizen and not as an employee;[1] however, such is a mischaracterization of the Report and Recommendation.   Rather, after concluding that Serianni's discussions with Mr. Bullock were spoken as a citizen, Judge McCoun found that "[a]s for the testimony given on behalf of Officer Frassetti at his arbitration hearing, it is perhaps a closer issue as to whether Serianni spoke as a citizen on a matter of public concern."   (Doc. # 36 at 15). Noting that the exact content of Serianni's speech was not set forth in the Verified Complaint, based on Serianni's allegations as to the context of the speech, Judge McCoun concluded that "given Serianni's allegations and the early stage of the proceeding, I recommend that the motion be denied as to this speech as well, pending development of the factual record and further legal arguments." Id.   Thus, Judge McCoun's recommendation, and the Court's subsequent adoption of it,

---

[1]    Serianni's Motion states:

In it's (sic) Report and Recommendation, this Court found that because Serianni's 'testimony was given under oath, pursuant to a subpoena' and 'at a formal arbitration hearing' it was 'not a matter with (sic) his routine employment duties' and that he therefore spoke as a citizen, not as an employee.

(Doc. # 157 at 6)(quoting Doc. # 36 at 15).

cannot reasonably be read to be a definitive ruling that Serianni had dispositively satisfied this prima facie element of his case, but only that Serianni's allegations were sufficient to withstand the City's motion to dismiss on the issue at that early stage of the proceedings.

Second, in ruling on the City's motion for summary judgment, the Court did not even address the issue of whether the Frassetti statement and testimony were spoken as a citizen or as an employee, because the Court found that denial of the motion was warranted based on the finding that Serianni's Bullock discussions were spoken as a citizen. (Doc. # 84). Thus, it would be disingenuous to suggest that the Court articulated any dispositive conclusion as to the Frassetti testimony in its summary judgment ruling. Accordingly, by asserting that the Court's ruling at trial on the Frassetti testimony conflicts with its ruling on the issue at summary judgment, Serianni is essentially arguing that the Court's denial of the City's summary judgment motion on other grounds equated to granting summary judgment in Serianni's favor on these grounds. Such a conclusion does not logically follow and the Court will not adopt it here.

Furthermore, as the City correctly points out, "binding precedent in [the Eleventh] Circuit . . . expressly permits

consideration of a Rule 50 motion after the denial of summary judgment." <u>Abel v. Dubberly</u>, 210 F.3d 1334, 1337 (11th Cir. 2000).  Although quoted by the City, it bears repeating that

> the existence of a genuine controversy (in connection with a motion for summary judgment) does not foreclose a directed verdict if on the evidence as it is actually and finally adduced on a trial reasonable minds could not reach a contrary conclusion. We said that this holding is a recognition that at times the issues may be such that only after the agony of a full-blown trial may it authoritatively be determined that there was never really the decisive issue of fact at all. . . Certainty, or predictable certainty, if not actually unobtainable, is often an illusion in the complex variables which pass through a courthouse door.  The rules contemplate that a judge can take a first and a second and a third and a final look. It is the predictable uncertainty which sometimes makes this necessary.

<u>Gross v. S. Ry. Co.</u>, 446 F.2d 1057, 1060 (5th Cir. 1971)(internal quotations and citations omitted).[2]

Accordingly, based on the Eleventh Circuit's long-standing rule that judgment as a matter of law may be properly entered following a prior denial of summary judgment and given that the Court's ruling on the motion did not in fact conflict with any prior rulings on the issue, the Court concludes that it did not commit a prejudicial error of law and that a new

---

[2]   In <u>Bonner v. City of Prichard</u>, the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit handed down prior to close of business on September 30, 1981.  661 F.2d 1206, 1207 (11th Cir. 1981).

trial is not warranted.

Finally, the Court finds Serianni's arguments that the timing of the Court's ruling on the City's motion prejudiced Plaintiff equally unavailing.  Specifically, Serianni argues that "[t]he Court by changing the legal standard and required elements to be proven in the middle of trial and after the Plaintiff had already rested its case in chief has committed an extremely prejudicial and inherently unfair act against the Plaintiff, the Defense received an unfair advantage at trial and could craft its argument around this new standard while the Plaintiff could not." (Doc. # 157 at 4)(emphasis in original).

As an initial matter, the Court notes that the minutes of the trial do not reflect that its ruling was made following Serianni's case-in-chief and prior to the City's case-in-chief.  Rather, the minutes show that on the fifth day of the trial, after Serianni rested his case, the City made an oral motion for directed verdict and the Court deferred ruling on the motion at that time.  (Doc. # 142).  The minutes further show that on the sixth day of the trial, the City rested its case, after which it renewed its oral motion for directed verdict and the Court then granted the motion as to the Frassetti statement and testimony. (Doc. # 145).  Thus, the

record does not reflect the sequence and timing of the events to be as Serianni purports them to be and Serianni's arguments as to the propriety of the timing of the Court's ruling fail accordingly.

However, even if the Court's ruling on the directed verdict motion had come before the City's case-in-chief, Serianni's arguments on this issue would still not warrant a new trial.  As correctly noted by the City, a Rule 50 motion "may be made at any time before the case is submitted to the jury" and a court may grant the motion, if appropriate, "[i]f a party has been fully heard on [the] issue."  Rule 50(a)(1)-(2), Fed. R. Civ. P.  Given that Serianni's case-in-chief was completed prior to the Court's ruling on the City's motion, it cannot be said that Serianni was not fully heard on the issue prior to the Court's ruling.

Furthermore, as to whether the City gained an unfair advantage after the Court's ruling because it could tailor its argument to the Court's "new standard," the Court reiterates that its ruling did not change any legal standard, but merely found that Serianni failed to establish the first element of his prima facie case regarding the Frassetti statement and testimony as a matter of law.  That Serianni may have chosen to presume that the first element of his prima facie case was

-10-

satisfied when presenting his case based on the Court's prior denial of the City's motions is not the Court's mistake. However, the Court's subsequent fulfillment of its duty to determine whether the first element of Serianni's case was satisfied, after Serianni was fully heard on the issue, did not result in any new or changed standard that Serianni was then required to prove.  Rather, Serianni maintained the burden of proving his prima facie case at all times, and since Serianni had not satisfied this first element before the City presented its case, then it still would not have been satisfied after the City presented its case.  Thus, assuming for purposes of this analysis that the Court did not in fact defer ruling on the motion until after the City rested, such a ruling at that time would not provide the City an unfair advantage and would not amount to a prejudicial error warranting a new trial.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Demitri N. Serianni's Motion for New Trial (Doc. # 157) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of October, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-11-

Copies: All Counsel of Record